

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0659–10

**PEDRO ARIEL ZARATE LUCIO, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**MEYERS, J., filed a dissenting opinion.**

### <u>DISSENTING OPINION</u>

The problem with the majority opinion is that it fails to distinguish between supplemental instructions given during the guilt and sentencing phases of trial. During the sentencing portion of trial, both sides are less restrained by the Rules of Evidence and may present testimony and evidence that was likely barred during the guilt phase. For instance, the State may introduce evidence of the defendant's prior bad acts or crimes that did not result in a conviction, as well as additional details of the offense at hand. TEX.

CRIM. PROC. CODE art. 37.07, § 3(a)(1). The differing standard allows the jury to consider factors to mitigate or enhance punishment within the statutory range based on the circumstances of the crime.

During the punishment phase, the court may allow evidence as to any matter that the court deems relevant to sentencing. *Id.* However, once the introduction of evidence has been concluded, the rules and order of procedure governing the jury assessment are the same as during the guilt portion of trial. *Id.* at § 3(b). In both situations, the court should deliver the charge of the court to the jury without expressing any opinion about the weight of the evidence. TEX. CRIM. PROC. CODE art. 36.14. As the majority notes, the trial court's answer to a jury question must comply with the same rules that govern the initial jury charge since the answer is essentially a supplemental jury instruction. Maj. op. at 4. Therefore, the court must remain neutral and not express an opinion as to the weight of the evidence when responding to a jury question.

Here, the trial court's instructions indicate to the jury that it is permissible to focus on the fact that the defendant's family did not testify at punishment. In doing so, the judge expressed his opinion as to the weight of the evidence in violation of article 36.14. The judge properly directed the jurors to the jury charge when they asked whether there were limitations on who can speak as a character witness. However, the judge implicitly encouraged the jury to concentrate on evidence outside of the record when the court answered the jury's next question of whether the defendant's family was permitted to

testify during the sentencing phase. The judge should again have instructed the jury to concentrate on the evidence presented and the instructions given.

The majority compares this case to *Green v. State*, 912 S.W.2d 189 (Tex. Crim. App. 1995), where the trial court responded during the punishment phase to the jury's question about the content of testimony during trial. This Court held that the trial court did not improperly comment on the weight of the evidence when it directly answered the jury's question with a response based on the record. *Id.* at 193. But here, the jury's question indicated that it was focused on why the defendant's family did not testify on his behalf. The jurors did not ask a specific question derived from the record, and the trial court exceeded its authority by answering in a way that confirmed or denied the jury's suspicions as to why the family did not testify.

The majority concludes that the rule prohibiting the court from singling out evidence "does not necessarily apply" when the court responds to a question identified by the jury. Maj. op. at 7. Not only does this conclusion provide little guidance to the lower courts, but in the instant case it fails to take into account the potential damage caused by the court's answer. We cannot ignore the fact that a statement from a judge during the sentencing phase may have a profound effect on the level of punishment assessed.

An improper instruction during the guilt portion certainly may impact whether the jury votes guilty or not guilty, but the level of harm is more easily determined based on an analysis of the limited range of evidence allowed during the guilt phase of trial. The range

of evidence presented during the sentencing phase is so wide open that an instruction that enters new evidence can shift the punishment assessed, but we cannot tell to what degree. In the instant case, we do not know if the jury felt sorry for Appellant since his family did not testify, or if they believed they did not testify because Appellant is a bad person. We will never know what the jury focused on, therefore we cannot assess the harm.

Here and in other cases, an improper instruction can drastically affect the amount of a fine, the jail time assessed, or whether the death penalty is imposed. Since the level of harm caused by an improper instruction is difficult to determine, the response to a jury question must be neutral enough to withstand the same scrutiny as the initial jury charge. The court's response here was not neutral and improperly commented on the weight of a matter outside the scope of the evidence. Based on the difficultly in determining the harm caused by the trial court's response, I would reverse the decision by the court of appeals and remand to the trial court for a new punishment hearing.

Meyers, J.

Filed: November 9, 2011

Publish